# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PEAR TREE PROPERTIES, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-00551 |
| ) | CHIEF JUDGE CRENSHAW |
| **ACUITY,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pear Tree Properties, LLC ("Pear Tree"), brought this action against Acuity, its insurer, after a storm caused damage to a Pear Tree building and Acuity did not cover the full amount of Pear Tree's damages. (Doc. No. 1.) The Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). (Doc. Nos. 1, 23.) Before the Court is Acuity's Motion for Partial Summary Judgment (Doc. No. 34) and Pear Tree's Motion to Confirm the Limited Appraisal Award (Doc. No. 45). For the following reasons, Acuity's Motion is **GRANTED**, and Pear Tree's Motion is **DENIED**.

I. FACTS

On February 21, 2015, a storm involving ice, snow, and rain hit a Pear Tree building, causing damage. (Doc. No. 33 at 2.) This included damage to the roof, causing internal leaks. (Doc. No. 33 at 2.) An Acuity insurance policy covered Pear Tree's property. (Doc. No. 1-1.) Relevant to the instant motions, Acuity has paid $167,609.39 to date toward the damage based on what it believes is covered under the policy. (Doc. No. 45 at 6.)

On October 1, 2015, Phil Kimbro, a Senior Field Claim Representative at Acuity, sent a letter to Todd White at Pear Tree detailing the damage Acuity believed was covered under the

insurance policy and what damage it believed was not covered. (Doc. No. 45-1.) Pear Tree disagreed with the explanation, and asked for an appraisal under the appraisal provision of the contract. (Doc. No. 45-6.) This provision states that if the parties disagree on the "value of the property or the amount of loss, either may make a written demand for an appraisal for the loss." (Doc. No. 45 at 14.) The parties will select two appraisers and an umpire, and a "decision by any two will be binding." (Id.) When Acuity denied Pear Tree's request for an appraisal, Pear Tree filed the instant lawsuit on March 10, 2016. (Doc. No. 1.)

During a May 3, 2016, Initial Case Management Conference, the parties agreed to participate in a limited appraisal pursuant to the appraisal provision of the contract. (Doc. No. 45 at 5.) On January 23, 2017, an Appraiser and the Umpire signed an Appraisal Award Form, stating that the Replacement Cost Value of the loss caused by the ice storm totaled $891,238.38, and the Actual Cash Value of the loss totaled $833,146.03. (Doc. No. 32-1.) Two of the three members of the appraiser panel concurred with the decision. (Id.) The Appraisal Award stated, "The Appraisal Award shall be binding upon all parties concerned if at least two of the panel members concur in this decision, as evidenced by their signatures below." (Id.)

On February 10, 2017, Acuity sent a letter to Pear Tree regarding the Appraisal Award. (Doc. No. 36-2.) It stated that "Acuity only agreed to participate in a limited Appraisal because of disputed issues of coverage with respect to [Pear Tree's] claim." (Id. at 1.) It then compiled a list of the appraised damage items for which Acuity continued to deny liability. (Id. at 1-3.) Acuity then paid the appraised amounts for the damage that it did not dispute liability, and now asks for a jury trial regarding whether the remaining items are covered under the insurance policy. (Doc. No. 36-2 at 3-4, Doc. No. 35 at 7.)

II.     STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Pennington v. State Farm Mut. Auto. Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. Van Gorder v. Grand Trunk W. R.R., Inc., 509 F.3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the material issue of fact a proper jury question. Id. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

III.    ANALYSIS

Pear Tree brings a cause of action against Acutiy for specific performance under the appraisal provision of the insurance contract. (Doc. No. 1.) It also brings two alternative claims for breach of contract in the event the Court does not compel an appraisal. (Id.) As both parties seek the Court to enter judgment in their favor on Count One, the instant motions are essentially cross motions for summary judgment on that count. See FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The sole issue is whether the

Appraisal Award is binding on the parties under Tennessee law. If it is, Pear Tree is entitled to judgment as a matter of law. (Doc. No. 45.) If not, Acuity is entitled to a trial by jury on the issues of liability that it contests. (Doc. No. 35.)

In Tennessee, courts interpret insurance contracts by giving the policy's terms their natural and ordinary meaning. Tata v. Nichols, 848 S.W.2d 649, 650 (Tenn. 1993). Generally, an "appraiser's authority is limited to the authority granted in the insurance policy or granted by some other express agreement of the parties." Merrimack Mut. Ins. Co. v. Batts, 59 S.W.3d 142, 152 (Tenn. Ct. App. 2001). Absent an express clause in the insurance contract, "appraisers have no power to decide coverage or liability issues." Id. at 152-53 (compiling cases). If the parties already have decided liability, an appraisal would waive all new defenses the insurer may present with regard to liability. Hickerson v. German-Am. Ins. Co., 33 S.W. 1041 (Tenn. 1896). However, if liability is disputed, an appraisal on the "amount of loss" would not "vest the appraisers with the authority to decide questions of coverage and liability." Merrimack Mut. Fire Ins. Co., 59 S.W.3d at 152.

Here, the plain language of the policy states that the appraiser makes a determination "on the value of the property or the amount of the loss." (Doc. No. 45 at 14.) The appraiser has determined the value of the property and the amount of loss on all disputed areas of liability. Now, the factfinder must determine what areas of loss are covered by the insurance policy. Therefore, the Court grants summary judgment to Acuity on Count One because it is undisputed that it performed a limited appraisal. Pear Tree's breach of contract claims will be tried by a jury.

IV. CONCLUSION

For the foregoing reasons, Acuity's Motion for Partial Summary Judgment (Doc. No. 34) is **GRANTED**. Pear Tree's Motion to Confirm the Appraisal Award (Doc. No. 45) is **DENIED**.

Count One of the Complaint is **DISMISSED AS MOOT**.[1] This case shall proceed to a jury trial on Pear Tree's breach of contract claims on October 10, 2017, and all deadlines in the Court's scheduling order remain in effect. (Doc. No. 50.)

Prior to the pretrial conference, the Court encourages the parties to continue discussing alternative dispute resolution possibilities, as well as the possibility of "obtaining admissions of fact or stipulations regarding the authenticity of documents, and the need for any pretrial motions in limine." M.D. TENN. L.R. 16.01(d)(6). Accordingly, this case is **REFERRED** to the Magistrate Judge to conduct a Final Case Management Conference.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Acuity also states that if the Court grants its motion, the Court may also dismiss Acuity's consolidated declaratory judgment action in Case Number 3:16-cv-363. (Doc. No. 35 at 5.) This action asked for the Court to determine Acuity's rights under the insurance contract with Pear Tree. The Court will dismiss that case by separate order.